# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### CIVIL NO. 1:08CV34
### (1:06CR31)

| | |
|---|---|
| **JONATHAN DAVID HARRISON,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court *sua sponte* to require the Government to supplement its response filed April 29, 2008.

The Petitioner and eleven co-defendants were charged in a one count indictment with the manufacture and possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. **Bill of Indictment, filed June 16, 2006.** The indictment specifically charged that the conspiracy "involved 500 grams or more of a ***mixture*** or substance containing a detectable amount of methamphetamine." ***Id*****. (emphasis added).** On June 16, 2006, the Petitioner and the Government entered into a plea agreement wherein it was stipulated and agreed that

the "amount of methamphetamine *(ACTUAL)* that was known to or reasonably foreseeable by the defendant was at least 500 grams but less than 1.5 kilograms." **Plea Agreement, filed June 16, 2006 (emphasis added).**

After entry of Petitioner's guilty plea, a presentence report was prepared which calculated the offense level in accordance with the amount of *ACTUAL* methamphetamine stated in the plea agreement rather than the amount of the *MIXTURE* of methamphetamine charged in the indictment. *See* **Presentence Investigation Report, revised December 18, 2006, at 9 ("The defendant is responsible for at least 500 grams but less than 1.5 kilograms of *actual* methamphetamine.").**

Therefore, the issues for the Government to address are: Inasmuch as the indictment did not charge **ACTUAL** methamphetamine but rather a **MIXTURE** containing a detectable amount of methamphetamine, could the Court properly base its sentencing decision on the Petitioner's involvement with **ACTUAL** methamphetamine (which carries a higher punishment by several levels) rather than his involvement with a **MIXTURE** of methamphetamine?

If the Government's answer to the above issue is, "No," would the facts alleged by Petitioner support or require a finding of ineffective assistance of counsel?

**IT IS, THEREFORE, ORDERED** that the Government file a supplemental response to the Court's inquiry within 10 days from entry of this Order.

Signed: September 25, 2008

Lacy H. Thornburg
United States District Judge